# NO. 12-22-00202-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JONATHAN SCOTT EVANS,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
## *PER CURIAM*

Jonathan Scott Evans appeals his conviction for continuous sexual abuse of a child. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with continuous sexual abuse of a child. [1] He pleaded "not guilty," and the matter proceeded to a jury trial.

At trial, the evidence showed that Appellant and L.C. were in a long-term relationship. L.C. worked outside the home while Appellant stayed home with the couple's five children, including L.C.'s daughter from a previous relationship, S.C. When S.C. was twelve years old, she told L.C. that Appellant was touching her inappropriately. L.C. contacted the police. In a forensic interview, S.C. reported many instances of sexual abuse by Appellant beginning when she was about ten years old.

---

[1] A first-degree felony punishable by imprisonment for a term of life, or not more than ninety-nine years or less than twenty-five years. *See* TEX. PENAL CODE ANN. §§ 21.02(b)(1), (b)(2)(A), (h) (West Supp. 2023).

In a police interview, Appellant explained that his DNA might be found on S.C.'s body because a towel that was covering his body fell to the floor when she hugged him, and he accidentally ejaculated on her. He further told the police that his mouth might have accidentally contacted S.C.'s vagina when he was giving her "raspberries." Appellant explained other incidents by saying that his penis might have accidentally fallen free from his shorts, he might have accidentally touched S.C.'s vagina in his sleep, and S.C. touched his penis while he was asleep. Appellant testified that he believed S.C. fabricated her allegations because he forbade her from seeing a boy.

Ultimately, the jury found Appellant "guilty" and assessed his punishment at imprisonment for life. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel relates that he reviewed the record, found no reversible points of error to support an appeal, and determined the appeal is frivolous. In compliance with *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief contains a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[2]

We conducted an independent review of the record in this case and found no reversible error. *See id.* We conclude that the appeal is wholly frivolous. *See id.*

## CONCLUSION

As required by *Anders* and *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, we **grant** counsel's motion for leave to withdraw and **affirm** the trial court's judgment.

---

[2] We provided Appellant with a copy of the brief, notified him of his counsel's motion to withdraw, informed him of his right to file a pro se response, and took concrete measures to facilitate his review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief has expired, and no pro se brief was filed.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered November 30, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 30, 2023**

**NO. 12-22-00202-CR**

**JONATHAN SCOTT EVANS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1085-19)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*